IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00379-MR

ANTOINE BLAKE,                        )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )
N.C. DEPARTMENT OF PUBLIC             )
SAFETY, et al.,                       )        ORDER
                                      )
            Defendants.               )
_____        )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 6].

## I.  BACKGROUND

The *pro se* Plaintiff, who is presently incarcerated at the Neuse Correctional institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 8, 2020,[1] complaining about incidents that allegedly occurred at the Mountain View Correctional Institution in August 2016.[2] The

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff appears to realize that his Complaint was filed outside the three-year statute of limitations that applies to § 1983 actions in North Carolina. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2

Plaintiff names as Defendants: the North Carolina Department of Public Safety ("NCDPS") and Mountain View C.I.

The Plaintiff alleges that he was sent to Mountain View C.I. in August 2016 with medical restrictions for a chronic disease and major health problems. [Doc. 1 at 3]. The Plaintiff alleges that an unidentified sergeant was negligent by assigning the Plaintiff to a second-floor housing area despite his medical restrictions. [Id.]. As a result, the Plaintiff fell down the stairs three or four days later. [Id.]. He then alleges that "they" refused to take the Plaintiff to the hospital or provide the name of the sergeant who assigned him to the second floor. [Id. at 4]. The Plaintiff appears to allege that this incident resulted in: him having to use a wheelchair; placement in a handicap cell; a swollen knee that required ice for seven days; and mental and emotional pain and suffering. [Id.].

As relief, the Plaintiff asks the "courts to look into [his] rights being violated and the pain & suffering [he] went through" and for $1 million in damages. [Id.].

---

(4th Cir. 1991). He alleges that, since the time of the incident, he has had "medical issues" that prevented him from "following up on this case" including: a stroke in 2017 that damaged his vision; a heart attack on December 31, 2018 that required open heart surgery in February 2019; a diagnosis with "RA" in 2019; and COVID-19 infection in 2020. [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff attempts to name NCDPS and Mountain View C.I. as Defendants. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDPS and its facilities are not "persons" under § 1983. See Fox v. Harwood, No. 1:09CV160-MU-02, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). The claims against NCDPS and Mountain View C.I. are therefore dismissed with prejudice.

The body of the Complaint contains references to individuals who are not named as Defendants in the caption as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**IV. CONCLUSION**

In sum, Plaintiff has failed to state a claim against any Defendant. The claims against the NCDPS and Mountain View C.I. are dismissed with

4

prejudice and the remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that the claims against NCDPS and the Mountain View C.I. are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

The Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**. Signed: May 26, 2021

Martin Reidinger
Chief United States District Judge