IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00379-MR

| | |
|---|---|
| ANTOINE BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| N.C. DEPARTMENT OF PUBLIC ) | |
| SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 9]. The Plaintiff is proceeding *in forma pauperis*. [See Doc. 6].

I.  **BACKGROUND**

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 8, 2020,[1] complaining about incidents that allegedly occurred at the Mountain View Correctional Institution.[2] The Plaintiff named as Defendants: the North Carolina Department of Public Safety ("NCDPS")

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff is presently incarcerated at the Neuse Correctional institution.

and Mountain View C.I. On May 26, 2021, the Court entered an Order on initial review dismissing the claims against NCDPS and Mountain View C.I. with prejudice, dismissing the remaining claims without prejudice, and granting the Plaintiff 30 days to amend. [Doc. 8]. The Amended Complaint is now before the Court on initial review.

The Plaintiff asserts Eighth Amendment claims against the following Defendants in their official capacities: NCDPS; FNU Howard, a correctional sergeant; and "NCDPS – Prison Facility Mountain View C.I., Employees, et al." [Doc. 9 at 2-3].

The Plaintiff alleges as follows:

> When at the NCDPS – Prisons Mountain View C.I. Facility, in violation of my 7/8/16 profile showing physical limitations, Unit Sgt. Howard negligently and uncaringly to my medical needs did place me in harmful conditions requiring me to use stairs in violation of climbing restrictions and medical needs for accommodations for prison conditions.

[Id. at 4-5].

The Plaintiff alleges that he lost his balance and fell down the stairs on August 16, 2016[3] as a result of "orders by Defendant who refused to provide

---

[3] The Plaintiff appears to realize that he filed this case outside the three-year statute of limitations that applies to § 1983 actions in North Carolina. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991). In the Amended Complaint, he alleges that he "found out issues to sue and 8th Am. USCA violations of [his] rights on 12/8/2020 date of filing." [Doc. 9 at 5]. However, in his original Complaint, he blamed the delay on various "medical issues." [Doc. 1 at 4].

2

accommodations…" in violation of the Eighth Amendment and prison policy. [Id. at 5]. As injury, he alleges that he is "presently under a serious threat of danger to serious increased injury resulting to causes of leg injury, ability to walk correctly, mentally and emotional pain, suffering and trauma…." [Id.]. He seeks $1 million in compensatory damages and as well as punitive damages. [Id.]. He also requests the appointment of counsel. [Id. at 1].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

3

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. NCDPS and Mountain View C.I.

The Plaintiff has again attempted to name NCDPS and Mountain View C.I. as Defendants. However, the claims against NCDPS and Mountain View C.I. were dismissed with prejudice on initial review of the Complaint. [Doc. 8]. The Plaintiff's present claims against NCDPS and Mountain View C.I. are dismissed for the reasons discussed in the Court's prior Order.

### B. Sergeant Howard

The Plaintiff purports to sue Sergeant Howard, who is a state official, solely in his official capacity. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials

4

acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claim against Defendant Howard in his official capacity does not survive initial review and will be dismissed.[4]

### C. Appointment of Counsel

The Amended Complaint incorporates a request for the appointment of counsel. [Doc. 9 at 1].This request is moot, as the Amended Complaint has not passed initial review. Further, the Plaintiff has failed to present "exceptional circumstances" that would warrant the appointment of counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Accordingly, this request is denied.

---

[4] Even if the Plaintiff had asserted a claim against Defendant Howard in his individual capacity, the Amended Complaint still would not pass initial review. The Plaintiff alleges only negligence and the violation of prison policy, neither of which rises to the level of an Eighth Amendment violation. See Brice v. Virginia Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (deliberate indifference under the Eighth Amendment entails "more than ordinary lack of due care for the prisoner's interests or safety," or "more than mere negligence"); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant, and therefore, the Amended Complaint will be dismissed and this case will be closed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** as frivolous, for failure to state a claim upon which relief can be granted, and for seeking damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS FURTHER ORDERED** that the Plaintiff's request for the appointment of counsel [Doc. 9] is denied.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge